UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAZARIS ITALO FULLER,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF RICHMOND, et al.,<br><br>    Defendants. | Case No. 15-cv-00980-JD<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Lazaris Fuller, a state prisoner, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**I.    STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above

1  the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations
2  omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its
3  face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face"
4  standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they
5  must be supported by factual allegations. When there are well-pleaded factual allegations, a court
6  should assume their veracity and then determine whether they plausibly give rise to an entitlement
7  to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

8  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by
9  the Constitution or laws of the United States was violated, and (2) the alleged deprivation was
10 committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.  LEGAL CLAIMS

Fuller alleges that a police officer wrote a false report regarding his arrest that led to his conviction.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id*. at 487.

Fuller states that on July 4, 2013, former police officer Harris wrote a false report alleging that Fuller dragged a victim 66 feet across a parking lot. The police officer stated that he observed Fuller ripping the stockings off the victim's legs. Fuller states that he admitting to ripping the stockings of the victim's legs but was trying to get her to release the handle of his truck. Fuller contends that the police officer lied about the stockings being 66 feet away from the initial attack. For relief, Fuller seeks a hearing and he states that he lost his liberty and earnings due to a deprivation of due process.

2

1 To the extent Fuller seeks to challenge the underlying conviction or present a claim of a violation of due process or to challenge the evidence, he must file a habeas petition once the claims have been exhausted.  To the extent he seeks monetary damages he may only continue if the sentence has been invalidated or reversed.   Fuller does not describe the conviction or sentence but it appears that an appeal is pending in the California Court of Appeal in *People v. Fuller*, A143419.  The complaint will be dismissed with leave to amend for Fuller address why this action should not be dismissed pursuant to *Heck* and to more specifically describe the relief that he seeks.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend.  The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page.  Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from the original complaint by reference.  Failure to amend within the designated time will result in the dismissal of this action.

2. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 29, 2015

_____
JAMES DONATO
United States District Judge

3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LAZARIS ITALO FULLER,

    Plaintiff,

v.

CITY OF RICHMOND, et al.,

    Defendants.

Case No. 15-cv-00980-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 29, 2015, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Lazaris Italo Fuller ID: V-63760
S.V.S.P. 1-B-29
P.O. Box 1050
Soledad, CA 93960

Dated: July 29, 2015

Richard W. Wieking
Clerk, United States District Court

By: /s/ Lisa R. Clark
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO